Irving Younger, J.
Once again the breadth of commerce across onr union has engendered a multi-State controversy that requires a court to decide precisely where the Due Process Clause intersects the Full Faith and Credit Clause.
On January 20, 1968, plaintiff and defendant entered into a “ standard franchise agreement.” For purposes of this decision, I shall assume that the agreement was signed in New York City. Plaintiff is a resident of Iowa. Defendant is a New York corporation with its sole place of business in New York City. The agreement provided, in substance, that plaintiff was to be defendant’s “ exclusive franchisee ” for the sale of certain gift certificates in Iowa, and that ‘ ‘ all prospective agents developed *463 through [defendant’s] recruitment campaign in [Iowa] shall be turned over to ” plaintiff.
Alleging that defendant had breached the franchise agreement, on August 20,1968 plaintiff commenced an action against defendant in the District Court of Iowa, Fayette County. On August 21, plaintiff filed process and his pleading with the Secretary of State of Iowa, who, on August 22, mailed them to defendant in New York City. The papers stated that defendant had 60 days within which to appear and defend. Defendant did nothing. On October 25, the case was called for trial before a Judge of the Iowa District Court. The record states that there was “no appearance” for defendant. Am inquest was taken, and judgment entered for plaintiff against defendant in the sum of $3,000 plus interest and costs. On October 25, the Clerk of the Iowa court sent notice of the default judgment to defendant.
Defendant did not pay, and so, in March, 1969, plaintiff instituted an action in this court on the Iowa judgment. Defendant answered in due course, raising as a defense the invalidity of the Iowa judgment.
If the Iowa court was empowered to enter a judgment against defendant, this court is required, without further ado, to enforce it. (U. S. Const., art. IV, § 1; U. S. Code, tit. 28, § 1738.)
The question for decision, then, is whether the Iowa court was indeed so empowered. Were it for Iowa to say, the answer would plainly be yes. The Iowa “ long-arm ” statute authorizes service of process upon the Secretary of State of Iowa in actions against non-Iowa corporations “ arising from ” any “ contract with a resident of Iowa to be performed in whole or in part by either party in Iowa ”. (Iowa Code, § 617.3.) Defendant here is a non-Iowa corporation; plaintiff is an Iowa resident; the action arose from a contract to be performed by plaintiff in part in Iowa; and thus, by force of the Iowa statute, the Iowa court had jurisdiction to enter judgment against defendant. But it is for Federal law, not Iowa law, to answer the question before me. In particular, it is the Due Process Clause of the Fourteenth Amendment which must speak, since it limits the power of a State to enter judgment against a defendant not served with process within the State’s boundaries. We therefore turn to that clause and to the great cases that have construed it.
In Pennoyer v. Neff (95 U. S. 714) the Supreme Court held that the Due Process Clause permits a State to enter judgments only against persons served with process within the State. From that simple rule of palpability, the court moved to other, more *464 flexible tests, such as “ consent,” “ doing business,” and “presence.” (See, generally, James, Civil Procedure, pp. 636-644.) Then, in International Shoe Co. v. Washington (326 U. S. 310, 316), the court explicity adopted a rule of fairness: “ due process .requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ‘ traditional notions of fair play and substantial justice. ’ ” In McGee v. International Life Ins. Co. (355 U. S. 220) the court showed how minimal the ‘ ‘ contacts ’ ’ need be still to comport with “ traditional notions of fair play and substantial justice.” And in Hanson v. Denckla (357 U. S. 235), the court demonstrated that if the defendant’s “ contacts ” with a State are less than that necessary minimum, the State’s judgment will lack due process and hence not be entitled to full faith and credit in another State.
In this case, I must decide whether defendant’s “ contacts ” with Iowa fill the measure, as in McGee, or leave a vacuum, as in Hanson. If the former, the Iowa judgment should be enforced in New York. If the latter, the Iowa judgment is a nullity here.
The action is for breach of contract. Defendant is a New York corporation, and the contract was signed in New York. Such mechanical indicia hardly begin the inquiry, however, let alone end it. McGee teaches that “ it is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with ” the State that has entered judgment against the defendant (p. 223). To my eye, this contract had ‘ ‘ substantial connection ’ ’ with Iowa. By it, defendant appointed plaintiff to be its exclusive Iowa franchisee. Defendant promised to appoint no other agents in Iowa. In the context of an exclusive dealing arrangement, such as the one at bar^ a promise not to do business in a particular territory is equiyalent to a promise to do business in that territory, for the economic value of the agreement to the promisee is the promisor’s covenant to refrain from doing business with anyone else. Moreover, in this contract defendant agreed that ‘1 all prospective agents developed through [defendant’s] recruitment campaign located in [Iowa] shall be turned over to ’ ’ plaintiff, thus expressly anticipating commercial activity in Iowa. Surely ^ all of this gives the contract in suit ‘1 substantial connection ” with Iowa.
In addition, it seems to me to be fair and just that Iowa’s court exercise jurisdiction over defendant)
*465 Is it open to doubt that Iowa possesses a substantial interest in providing a forum for the resolution of disputes between its citizens and foreign corporations arising out of contracts to be performed in major part in Iowa? I think not. Nor am I impressed by defendant’s argument that it has done nothing more than sell gift certificates to plaintiff in New York. Were this all that were involved, I might agree that the accident of plaintiff’s Iowa residence would not be enough to warrant the extension of Iowa’s judicial power to defendant in New York. But of course this is not all that is involved. Defendant did not merely sell gift certificates to plaintiff. It promised plaintiff, an Iowa resident, both that he should be its exclusive franchisee in Iowa and that a recruitment campaign for agents would be conducted by defendant in Iowa for plaintiff’s benefit. Defendant thus set sail on the stream of interstate commerce and steered a course toward Iowa. The Iowa court has now concluded that defendant reached Iowa. There is nothing before me to suggest that that decision is unfair, unjust, or without due process.
Defendant does not argue that it did not have actual notice of the Iowa action or sufficient time within which to appear and defend, had it wished to do so.
Accordingly, I find that Iowa’s judgment is entitled to full faith and credit in New York and grant plaintiff’s motion for summary judgment for $3,000, together with interest and costs as allowed by law.